IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-10199-WEB |
| ) | |
| LARRY W. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on April 1, 2009, for a hearing on the defendant's objection to the Presentence Report and for sentencing. The court orally denied the defendant's objection at the hearing. This written memorandum will supplement the court's oral ruling.

The Presentence Report found the amount of restitution owed by the defendant as a result of the offense was $744,529.32. This figure was based upon victim statements submitted by defendant's former employer, Molded Fiber Glass Companies (MFG), and the Chubb Group of Insurance Companies. Chubb insured MFG against loss arising from employee dishonesty, and MFG made a claim based upon the defendant's fraudulent conduct in this case. Chubb determined that MFG's loss was the above-mentioned figure. Chubb paid MFG $734,529.32 on the claim, taking into account a $10,000 deductible on the policy. *See* PSR ¶¶ 13-19.

Defendant notes that the Indictment alleged the amount of loss from defendant's scheme was approximately $719,529.40. With respect to that amount, defendant does not object to restitution of $519,492.33, which he says reflects amounts involving defendant's personal accounts after August of 2003. PSR ¶ 93. He does object to restitution for amounts involving

defendant's personal accounts before August 2003, arguing that such amounts ($129,728.78 according to the defendant) are barred by the five-year statute of limitations. *Citing* 18 U.S.C. § 3282(a) and *United States v. Reitmeyer*, 356 F.3d 1313 (10th Cir. 2004). Defendant further argues that an MFG Trust Fund account in the amount of $5,208.29 should be excluded, because this money was deposited by MFG and defendant had no control over the account. He also objects to a CITI account in the amount of $13,300, because he says he has no knowledge of the account and because of the statute of limitations. PSR ¶¶ 93-99.

The PSR reflects that in addition to the amounts embezzled by the defendant – which defendant concedes is at least $519,492.33, the victim in this case expended several hundred thousand dollars in an effort to identify the nature and scope of the loss. PSR ¶17. Investigative expenses incurred by a victim may be included in a restitution award under § 3663A, provided the loss is caused by specific conduct that was the basis of the offense of conviction. *See United States v. Stennis-Williams*, 2009 WL 588829 (8th Cir., Mar. 9, 2009). MFG's investigative expenditures in this case qualify under that standard.

As for the statute of limitations, the court concludes that it does not bar restitution for actions taken by the defendant more than five years before the charge was brought. The Indictment charged the defendant with engaging in wire transmissions as part of a scheme to defraud "beginning in August of 1999, and continuing through July 26, 2006...." In *United States v. Dickerson*, 370 F.3d 1330 (11th Cir. 2004), the court held that when the defendant is convicted of a crime in which a scheme is an element, the court under Section 3663A must order the defendant to pay restitution for all losses the victims suffered as a direct result of the scheme, even if the losses were caused by conduct outside the statute of limitations. The court noted that

for purposes of § 3663A, "victim" is expansively defined to mean, "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." This court agrees. The statute of limitations determines whether a charge may be brought; it does not define or limit the scope of relevant information for purposes of sentencing on the count of conviction. For example, all of the circuits have agreed that the statute of limitations does not bar consideration of "relevant conduct" for purposes of determining the sentence. *See United States v. Jaynes*, 75 F.3d 1493, 1507 (10th Cir. 1996). *See also United States v. Neighbors*, 23 F.3d 306, 311 (10th Cir. 1994) ("Statutes of limitations play no role in the sentencing phase of a criminal proceeding.").

Defendant's conduct directly and proximately harmed these two victims as a result of his commission of the scheme in Count 1. Nothing in § 3663A prohibits consideration of and restitution for such harm because it may have occurred more than five years prior to the charge. *Cf.* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Moreover, under the circumstances, the court concludes that the $744,529.32 insurance claim set forth in the Presentence Report, and which has not been challenged by the defendant, represents the best available measure of the harm to the victims of this scheme, and is a reliable calculation of the harm suffered.

Defendant's objection to the Presentence Report is therefore DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the

Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this   2nd

Day of April, 2009, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge